Daniel, J.
 

 We must take the case to mean, that the defendant prosecuted the plaintiff’s slaves, without having any probable cause or reason to do so ; for, if he had probable cause, he would not be liable to this action, although lie acted ever so maliciously. The defendant does not contend that he had probable cause. The inquiry, therefore, which the plaintiff sustained/was the consequence of the defendant’s doing a wrongful act, and an action on the case was her rightful remedy. This action lies against a person, for ma
 
 *43
 
 liciously and without probable cause suing out a sion of bankruptcy, in consequence whereof the plaintiff was damaged in his trade and business. So it lies at the suit of the husband, for the expenses incurred in consequence of the malicious prosecution of his wife — the wife in law being the servant of the husband — and he was injured in defending her against the defendant’s improper prosecution.
 
 Smith v Hixon, 2
 
 Stra. 977. Bul. N. P. 13. — .
 

 The case now before us is in principle the same as the one last cited. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.'